UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WASHINGTON,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>J. WOODFORD,<br><br>　　　　　　Respondent. | Old Case No.: 1:05-CV-01487 OWW HC<br>New Case No.: 1:05-CV-01487 OWW GSA HC<br><br>ORDER GRANTING PETITIONER'S MOTION TO VACATE JUDGMENT AND RE-OPEN CASE [Doc. #17]<br><br>ORDER REASSIGNING AND REFERRING ACTION TO MAGISTRATE JUDGE GARY S. AUSTIN FOR FURTHER PROCEEDINGS<br><br>ORDER DISMISSING PETITIONER'S NOTICE OF APPEAL AS MOOT<br>[Doc. #18] |

　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　On June 14, 2006, the Magistrate Judge issued a Findings and Recommendation which recommended the petition be dismissed for failure to pay the filing fee as ordered by the Court on May 2, 2006. On August 17, 2006, the undersigned adopted the Findings and Recommendation and dismissed the petition.

　　　Pending before the Court is Petitioner's September 7, 2007, motion to vacate judgment and re-open the case. Petitioner requests the Court reconsider its order dismissing the petition for failure to pay the filing fee.

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure,

the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

In <u>Naddi v. Hill</u>, 106 F.3d 275, 277 (9th Cir.1997), the Ninth Circuit determined the amendments to 28 U.S.C. § 1915 made by the Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104-134, § 804, 110 Stat. 1321-66, 1321-73 to -75, do not apply in habeas proceedings. In this case, Petitioner should have been granted an opportunity to show cause why he failed to comply with the Court's order.  Therefore, the Court will grant Petitioner's motion to vacate and re-open the case. As the former Magistrate Judge assigned to this case has been elevated to District Judge, the case will be referred to Magistrate Judge Gary S. Austin.

On December 5, 2007, Petitioner filed a notice of appeal and request for certificate of appealability of the Court's dismissal of the petition for failure to pay the filing fee. Since Petitioner's motion to vacate and re-open will be granted, cause for an appeal is now moot.

Accordingly, IT IS HEREBY ORDERED:

1. Petitioner's motion to vacate judgment is GRANTED;

2. The Clerk of Court is DIRECTED to re-open the case;

3. The case is REFERRED to Magistrate Judge Gary S. Austin for further proceedings consistent with this Order;

4. The parties are INFORMED that the new case number is 1:05-CV-01487 OWW GSA HC; and

5. Petitioner's notice of appeal filed on December 5, 2007, is DISMISSED as moot.

IT IS SO ORDERED.

Dated:   February 19, 2008            /s/ Oliver W. Wanger
                                      UNITED STATES DISTRICT JUDGE